UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MYRON SANDOVAL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GREENBRIER COMPANY, et al.,<br><br>    Defendants. | Case No: C 18-7668 SBA<br><br>**ORDER GRANTING DEFENDANT GUNDERSON LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Dkt. 28 |

This is a products liability action brought by Plaintiff Myron Sandoval against Gunderson LLC ("Gunderson"), among other party-defendants. The parties are presently before the Court on Gunderson's Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 28. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

On May 29, 2018, Plaintiff, an employee of ITS Technologies and Logistics, LLC, was working at the Burlington Northern Santa Fe Railway Company ("BNSF") rail yard located in Richmond, California. First Am. Compl. ("FAC") ¶ 9. On that date, Plaintiff and his co-workers were loading and unloading vehicles from an Auto-Max railcar ("Railcar") manufactured by Gunderson. Id. ¶ 10. While working in the Railcar, the lift system failed, causing a portion of the deck plate car to fall on Plaintiff, causing him to sustain serious injury. Id. ¶¶ 10, 14.

According to Plaintiff, Gunderson "designed, manufactured, constructed, assembled for sale, wholesaled and/or retailed the particular [Railcar] …." Id. ¶ 11. Gunderson is a limited liability company organized under Oregon law and is a subsidiary of co-defendant Greenbrier Companies, Inc. ("Greenbrier"). Brask Decl. ¶¶ 5-8. Gunderson designs, builds, and sells various models of railcars in and around Portland, Oregon. Id. ¶¶ 10, 12. Auto-Max railcars are designed for use throughout North America and contain no California-specific features. Id. ¶¶ 12-14.

The Railcar at issue in this case, BNSF Railway Car Number 314110, was manufactured by Gunderson at its Portland facility in 2000. Id. ¶ 15. Immediately after manufacturing the Railcar, Gunderson sold it to Greenbrier Leasing Corp. ("Greenbrier Leasing"). Id. ¶ 16. In turn, Greenbrier Leasing leased the Railcar to BNSF, which took delivery of the Railcar in Portland, Oregon. Id. ¶ 18. Shortly thereafter, Greenbrier Leasing sold its interest in the Railcar to Bombardier Capital Rail, Inc. Id. ¶ 19.

On or about November 13, 2018, Plaintiff filed a Complaint in Alameda County Superior Court. The Complaint alleged causes of action for strict products liability and negligence against Greenbrier and BNSF. On December 21, 2018, Greenbrier removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1441, 1332.

On February 6, 2019, Plaintiff filed a FAC, which alleged the same causes of action as the original Complaint but added Gunderson as a party-defendant. Gunderson now moves for dismissal for lack of personal jurisdiction. Plaintiff has filed an opposition to the motion, in response to which Gunderson has filed a reply. The matter is fully briefed and is ripe for adjudication.

## II. **LEGAL STANDARD**

District courts have the authority to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the defendant's motion is based on written materials rather

than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Ranza v. Nike, Inc., 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks and citation omitted). In that regard, courts evaluate the pleadings and affidavits to determine whether the plaintiff has made the requisite showing of personal jurisdiction. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). While uncontroverted factual allegations must be taken as true, Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004), "legal conclusions unsupported by factual allegations will not satisfy a [party's] pleading burden," Swartz v. KPMG, LLP, 476 F.3d 756, 766 (9th Cir. 2007).

### III. DISCUSSION

A plaintiff may invoke either general or specific personal jurisdiction. Ranza, 793 F.3d at 1068. Plaintiff does not contend that Gunderson is subject to the Court's general jurisdiction. As such, resolution of the instant motion turns on whether Plaintiff has made a prima facie showing of specific jurisdiction.

There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting Schwarzenegger, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger, 374 F.3d at 802. If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id.

The first prong of the above-recited test for specific jurisdiction embodies two distinct concepts: "purposeful direction" and "purposeful availment." Ziegler v. Indian

River Cnty., 64 F.3d 470, 473 (9th Cir. 1995). As a general matter, the purposeful direction test applies to claims sounding in tort while the purposeful availment test applies to claims sounding in contract. In re Boon Glob. Ltd., -- F.3d --, No. 18-71347, 2019 WL 1967948, at *3 (9th Cir. May 3, 2019); Schwarzenegger, 374 F.3d at 802. Although there is no controlling authority regarding which test applies to products liability claims, courts generally apply the purposeful availment test.[1] Hernandez v. City of Beaumont, No. EDCV 13-00967 DDP, 2014 WL 6943881, at *3 (C.D. Cal. Dec. 8, 2014) ("Here, the City's claims are based on negligence and products liability, not intentional torts. Thus, the Court will apply the more general purposeful availment analysis."); see also Renner v. Lanard Toys Ltd., 33 F.3d 277, 283 (3d Cir. 1994) (applying purposeful availment test in a product liability action); see also Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 460 (9th Cir. 2007) (holding that the purposeful direction test applies only to intentional torts, not negligence claims).

A defendant purposefully avails itself of the privilege of conducting activities in the forum state when that defendant "perform[s] some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). The Supreme Court "has stated that a defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers within the forum State' may indicate purposeful availment." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881-82 (2011) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980)). However, the "transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have

---

[1] "A products liability case may rest on either a [legal] theory of strict liability or negligence." Merrill v. Navegar, Inc., 26 Cal. 4th 465, 478 (2001). Neither of those legal theories is an intentional tort. Ward v. Cty. of Mendocino, No. 17-CV-00911-PJH, 2019 WL 884016, at *4 (N.D. Cal. Feb. 22, 2019); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 877 (2011) (distinguishing a "products liability case" from an "intentional tort").

targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." Id.[2]

Plaintiff contends that specific personal jurisdiction over Gunderson exists because: (1) "Gunderson knows and intends that all of its railcars will find their way into California"; (2) "the railcar was intended and designed to serve the California market"; and "Gunderson's railcars were specifically designed for use on the national rail network and Gunderson knew its AutoMax railcar was destined for California." Pl.'s Opp'n at 3-4. None of these facts are alleged in the FAC nor are they supported by any evidence. In contrast, Gunderson has presented evidence—uncontroverted by Plaintiff—that it has not engaged in any affirmative conduct to promote its business in California. As discussed, the Railcar was manufactured, sold and delivered in Oregon and was designed for use throughout North America with no California-specific features. Brasko Decl. ¶¶ 5-14.

In sum, Plaintiff has failed to allege any facts in the pleadings or present any evidence to establish a prima facie case of specific personal jurisdiction as to Gunderson. See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787-88 (9th Cir. 1977) (holding that "the party asserting jurisdiction has the burden of establishing its existence when challenged," and "[can]not simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"). In particular, Plaintiff has failed to carry his burden with respect to the first prong of the tripartite test for specific jurisdiction, as set forth above. His failure to to do so is fatal to the Court's exercise of jurisdiction. See Omeluk v. Langsten Slip &

---

[2] In contrast to the purposeful availment test, the purposeful direction test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.").[3]

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Gunderson's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

IT IS SO ORDERED.

Dated: 07/02/19

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[3] The dismissal as to Gunderson is without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be ... without prejudice so that a plaintiff may reassert his claims in a competent court.'") (quoting in part Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988)) (alterations in original).